IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01516-ZLW

KENNETH FERGUSON,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 1 9 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Kenneth Ferguson filed a *pro se* Letter with the Court on December 28, 2005. In the Letter, Mr. Ferguson asserts several incidents that apparently have taken place since the dismissal of the instant Complaint on September 19, 2005. Plaintiff does not ask that the Court reconsider the dismissal entered on September 19. The only request he sets forth in the Letter is that the Court direct a "release from [his] detainer because of health reasons." (Letter at 2.)

The Court must construe the Letter liberally, because Mr. Ferguson is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Letter as a Motion to Reconsider and deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **See id.** at 1243. Mr. Ferguson's Motion, which was filed more than ten days after the Court's September 19, 2005, Order and Judgment of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. **See Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice, because Mr. Ferguson failed to cure the deficiencies noted in Magistrate Judge O. Edward Schlatter's August 9, 2005, Order. Mr. Ferguson fails to assert in the Motion any reasons regarding the dismissal for failure to cure that amount to extraordinary circumstances, which justify a decision to vacate the order of dismissal in this action. Therefore, the Motion to Reconsider will be denied. Mr. Ferguson is reminded that, because the Court dismissed the action without prejudice, he may pursue his claims by filing a new action if he chooses. Accordingly, it is

ORDERED that the Letter, filed December 28, 2005, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied.

DATED at Denver, Colorado, this 17 day of January, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01516-ZLW

Kenneth Ferguson
Prisoner No. 124348
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/19/06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk